# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1394MLM |
| ) | |
| DANIEL W. SPEGAL ) | |
| & JOHN J. STEELE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendants Daniel W. Spegal and John J. Steele (jointly, "Defendants"). Doc. 16. Plaintiff Michael Stevens ("Plaintiff") filed a Response. Doc. 20. Defendant filed a Reply. Doc. 23. The parties consented to the jurisdiction of the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 9.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the

allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in the broader context.

2

## BACKGROUND

In the Amended Complaint Plaintiff alleges that, at all relevant times, he resided at the Missouri Northeast Correctional Center, located in Bowling Green, Missouri ("Northeast Correctional"); that Defendant Spegal was, at all relevant times, maintenance supervisor at Northeast Correctional; that Defendant Steele was, at all relevant times, a maintenance department employee at Northeast Correctional; that Defendants' actions of which Plaintiff complains were committed under color of State law; that he is suing Defendants in their individual capacities; that on January 15, 2007, in accordance with his "honor status" at Northeast Correctional, Plaintiff was directed by Defendant Steele to perform various grounds keeping and snow removal activities at Northeast Correctional; that in connection with these grounds keeping and snow removal duties, Plaintiff, at the direction of Defendants Steele and Spegal, was provided with a tractor with a snow-blade attached for Plaintiff's use on the premises of Northeast Correctional; that the aforementioned tractor provided by Defendants Steele and Spegal had attached to it a snow blade which was not securely attached to the tractor, so that the snow blade was liable to disengage without warning from the tractor; that the tractor and snow blade constituted a dangerous condition; that the dangerous condition of the tractor and snow blade created a reasonably forseeable risk of harm of the type of injury suffered by Plaintiff; that in the course of performing the grounds keeping and snow removal activities as directed by Defendants Steele and Spegal, Plaintiff attempted to adjust the snow blade attached to the tractor; that while Plaintiff was engaged in adjusting the snow blade, a pin attaching the snow blade to the tractor broke, causing the snow blade to fall on Plaintiff's right foot; that the attaching pin referred to above was manufactured and maintained at the maintenance shop at Northeast Correctional; and that Defendants had actual or constructive notice of the above described dangerous condition of the

3

tractor and snow blade in sufficient time prior to Plaintiff's being injured to have taken measures to protect against this dangerous condition; and that Defendant's failure to take measures to protect against the above described dangerous condition constitutes reckless conduct taken in careless disregard of that risk. Doc. 13, ¶ ¶ 1-15.

In particular, Plaintiff contends that Defendants failed to properly inspect the snow blade and attaching pin to ensure its safety during use; that Defendants failed to replace the weak and defective attaching pin with a pin that could adequately and safely support the weight of the attached snow blade; and that Defendants failed to warn Plaintiff of the weak attaching pin or warn that it could give way, causing the snow blade to drop. Plaintiff contends that Defendants' actions as described above violate 42 U.S.C. § 1983 in that Defendants' conduct created or enhanced the danger of the snow blade and attaching pin and that Defendants' affirmative conduct placed Plaintiff in a position of danger, which absent Defendants' actions would not have existed. Plaintiff also contends that as a direct and proximate result of Defendants' negligence, described above, Plaintiff suffered injuries, including a severe crush injury to his right foot, resulting in the amputation of four toes of his right foot; that, as a result of Defendants' negligence, Plaintiff has been caused to have pain and suffering and severe limitations in the use of his right foot and limitations in the ability to walk, climb, step and generally use his right foot; and that, as a result of Defendants' negligence, Plaintiff has diminished earning capacity. Doc. 13, ¶ ¶ 16-18.

In the Motion to Dismiss Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to state a cause of action pursuant to § 1983 and because Defendants are entitled to qualified immunity. In his Response Plaintiff contends that he has stated a claim; that Defendants are not entitled to qualified immunity; and that he has

sufficiently alleged a cause of action pursuant to Fed. R. Civ. P. 8.

## LEGAL FRAMEWORK AND DISCUSSION

**A.     Cause of Action Pursuant to § 1983:**

42 U.S.C. § 1983 provides for a cause of action for a person who is injured as a result of his being "depriv[ed] of any rights, privileges, or immunities secured by the Constitution" by a person acting under "color of state law." The Supreme Court holds that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989) (citing Youngblood v. Romeo, 457 U.S. 307, 317 (1982). Indeed, a "special relationship" arises "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." Id. at 200. The special relationship also arises "when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." Carlton v. Cleburne County, 93 F.3d 505, 508 (8th Cir. 1996) (citing DeShaney, 489 U.S. at 195, 199-200; Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). This latter situation where a special relationship is said to arise has been called the "state created danger exception." Id (citing DeShaney, 489 U.S. at 195, 198-200).

Where this special relationship exists, whether it be a result of a custodial relationship or the result of the state created danger exception, the Constitution imposes an affirmative duty of care and protection. DeShaney, 489 U.S. at 195, 198-200; Carlton, 93 F.3d at 508; Sargi v. Kent City Bd. of Educ., 70 F.3d 907, 910 (8th Cir. 1995); Gregory, 974 F.2d at 1010.

Indeed, prison working conditions are "subject to scrutiny under the Eighth Amendment."

5

Stephens v. Johnson, 83 F.3d 198, 200 (8th Cir. 1996). As stated above, to establish a violation of § 1983, a prisoner must show that prison officials acted with deliberate indifference. In the work assignment context, "prison officials are deliberately indifferent when they '*knowingly ... compel* convicts to perform physical labor ... which is beyond their strength, or which constitutes a danger to their ... health, or which is unduly painful.'" Choate v. Lockhart, 7 F.3d 1370 (8th Cir. 1993) (emphasis added) (quoting Ray v. Mabry, 556 F.2d 881, 882 (8th Cir. 1997)). To establish a violation of § 1983, in regard to a dangerous workplace, a prisoner must show "'more than ordinary lack of due care'" for the prisoner's safety. Stephens, 83 F.3d at 201 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In particular, a prisoner alleging that the conditions under which he was required to work must prove both that the conditions challenged were "objectively, 'sufficiently serious,'" and that the prison official acted with a "'sufficiently culpable state of mind.'" Stephens, 83 F.3d at 200 (quoting Farmer v. Brennan, 511 U.S. 1110 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)). The state of mind required is that the prison official acted with "'*deliberate indifference'* to inmate health or safety." Id. (emphasis added) (internal citations omitted). Thus, to sufficiently allege a constitutional violation pursuant to § 1983, a prisoner must allege that the prison official who required him to work under the allegedly unconstitutional conditions "'acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Id. (internal citation omitted).

The Supreme Court has held, however, that the "Constitution ... does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). See also DeShaney, 489 U.S. at 202 ("[T]he Due Process Clause of the Fourteenth Amendment, [ ] as we have said many times, does not transform every tort committed by a state actor into a constitutional violation.").

6

The Court has "rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and ha[s] held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Lewis, 523 U.S. at 848-49. See also Daniels v. Williams, 474 U.S. 327, 333 (1986) ("[W]e do not believe [the] protections [of the Due Process Clause] are triggered by lack of due care by prison officials"; "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'") (quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981)). As such, to rise to the culpability level under § 1983, conduct must rise to the "conscience-shocking level." Lewis, 523 U.S. at 849. This rule applies even where there is a special relationship between a state and a person in its custody. See DeShaney, 489 U.S. at 202. Thus, a prisoner may not bring a cause of action pursuant to § 1983 to recover for injuries sustained as a result of mere negligence because, as discussed above, mere negligence on the part of prison officials does not rise to violation of either the Fourteenth Amendment or to the Eighth Amendment. Walker v. Reed, 104 F.3d 156, 158 (8th Cir. 1997) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)). See also Stephens, 83 F.3d at 200 (holding that in the work place context, "mere negligence or inadvertence is insufficient to constitute deliberate indifference"). Particularly, "[i]n the workplace safety context, ... mere negligence or inadvertence is insufficient to constitute deliberate indifference" as required to establish a constitutional violation. Stephens, 83 F.3d at 200-201 (citing Choate, 7 F.3d at 1374; Wilson, 501 U.S. at 305; Estelle v. Gamble, 429 U.S. 97, 104-106 (1976)).

Even an allegation of "gross negligence" does not state a claim under § 1983. Roach v. City of Fredericktown, Mo., 882 F.2d 294, 297 (8th Cir. 1989) (holding that there was no cause of action

7

under § 1983 against officers whose vehicle struck the plaintiffs' vehicle while officers were engaged in a chase without using a siren in violation of state law). See also Sellers By and Through Sellers v. Baer, 28 F.3d 895, 902-903 (8th Cir. 1994) ("The plaintiffs allege[d] that the officers intentionally, willfully, recklessly, and grossly negligently placed [the deceased victim] in a position of greater danger. Gross negligence on the part of the officers-even assuming their conduct rose to such a level-is not actionable under [ ] § 1983."); Friedman v. City of Overland, 935 F. Supp. 1015, 1018 (E.D. Mo. 1996).

In particular, the Eighth Circuit has found that a prisoner who was injured when two of his fingers became engtangled in the gears of an inker at a license plate factory failed to state a cause of action under § 1983 because he essentially complained of negligence. Stephens, 83 F.3d at 201 (citing Bibbs, 943 F.2d 27). The prisoner had alleged that the prison officials knew the safety guards had been removed and failed to repair the machine. Likewise, the Eighth Circuit has found that a prisoner who was injured while operating a table saw in a prison factory failed to state a cause of action under § 1983 despite an allegation that officials had knowledge of similar injuries. Id. (citing Warren v. Missouri, 995 F.2d 130 (8th Cir. 1993). The court held that, "even assuming the prison officials 'had prior knowledge of the allegedly similar prior accidents[,] ... this showing [fell] far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety." Warren, 995 F.2d at 131.

Plaintiff in the matter under consideration contends that Defendants took affirmative action to expose him to harm while he was incarcerated; that Defendants, in effect, enhanced the danger for him to be injured; that, therefore, Defendants are liable under the "state created danger" exception articulated above. Indeed, this exception has been applied where an "individual[] would not have

8

been in harm's way but for the government's affirmative actions." Carlton, 93 F.3d at 508. See e.g., Wells v. Walker, 852 F.2d 368, 370-71 (8th Cir.1988) (state officials created a danger when a released prisoner with violent propensities was transported to victim's store without warning). In addition to creating the dangerous condition, a requisite of imposing state liability under such circumstances is actual knowledge of the dangerous condition. Carlton, 93 F.3d at 508. Plaintiff alleges that Defendants in the matter under consideration were responsible for creating the dangerous condition to which Plaintiff was subjected and that Defendants had actual or constructive notice of the dangerous condition. However, "[m]ere knowledge of danger to the individual does not create an affirmative duty to protect." Id. at 509 (citing DeShaney, 489 U.S. at 200). To state a cause of action based on a theory of a state created danger Plaintiff must also have alleged an "affirmative act on the part of [Defendants] directly placing [him]" in a dangerous position. Id. In Carlton, 93 F.3d at 509, the Eighth Circuit refused to impose an affirmative duty to protect the general public from a situation created by the processes of nature, as this would be "an impossible burden." As further noted by the court in Carlton, 93 F.3d at 509, for the state created danger exception to apply, *culpable action on the part of a defendant must be directed toward the particular plaintiff*. See e.g., Munger v. City of Glasgow Police Dept., 227 F.3d 1082 (9th Cir. 2000) (holding that the state created the danger which resulted in a bar patron's death where police officers allegedly ejected the drunken patron from the bar into subfreezing temperatures without adequate clothing; under such circumstances the officers could be found liable for affirmatively placing the individual in danger). In the matter under consideration, Plaintiff does not allege that Defendants took the requisite *affirmative action directed at him.* The court finds, therefore, that Plaintiff has failed to state a cause of action pursuant to the state created danger exception. Moreover, the conduct on the part of

9

Defendants as alleged by Plaintiff is not beyond that of gross negligence. See Roach, 882 F.2d at 297.

Additionally, to the extent that Plaintiff alleges that the snow blade constituted a "dangerous condition" and that it presented a "reasonably forseeable risk of harm," such allegations are conclusory statements which are unsupported by factual allegations and are not entitled to an assumption of truth. See Ascroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss based on failure to state a claim) (citing Twombly, 550 U.S. at 555-56). The court finds, therefore, despite his allegation to the contrary, that Plaintiff has not complied with the requirements of Rule 8(a) that he give Defendant fair notice of his claim and the grounds upon which it rests. As such, the court finds, whether an analysis is conducted pursuant to the due process clause of the Fourteenth Amendment or pursuant to the Eighth Amendment, that Plaintiff has failed to state a claim upon which relief can be based, and that, therefore, Defendants' Motion to Dismiss should be granted.[1]

## B. Qualified Immunity Analysis:

Defendants contend that Plaintiff's Amended Complaint should be dismissed based on their having qualified immunity. The court will consider this argument in the alternative. "In a § 1983 action, state actors may be entitled to qualified immunity." McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (citation omitted). Qualified immunity may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of

---

[1] The courts notes that while some states have workers compensation statutes applicable to prisoners in certain circumstances, Mo. Rev. Stat. § 287.090.1(3) excludes prisoners from coverage under Missouri's Workers Compensation Statute. See Cain v. Missouri Highways and Transp. Com'n, 239 S.W.3d 590 (Mo. 2007).

which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Qualified Immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In Pearson v. Callahan, 129 S.Ct. 808 (2009), the Court held that there are two prongs to a qualified immunity analysis. A court must consider both whether a constitutional right has been violated and whether that right had been clearly established at the time of the alleged violation. The Court held in Pearson, that, while often appropriate, is not mandatory to consider these issues in any particular sequence. Under Pearson, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818 (overruling, in part, in Saucier v. Katz, 533 U.S. 194, 201 (2001)).[2]

The court finds, in the matter under consideration, that it is appropriate to first determine whether Plaintiff has sufficiently alleged that a constitutional right has been violated. The court has found above that Plaintiff has not sufficiently alleged a constitutional violation. Moreover, even if it could be said that Plaintiff alleged a constitutional violation, it cannot be said that the rights which Plaintiff asserts were clearly established at the time Plaintiff was injured; it would not have been objectively clear to a reasonable official that Defendants' conduct was unlawful under the

---

[2] Under Saucier, 533 U.S. at 201, a court was required to first determine whether a constitutional right had been violated. Only after answering "yes" to this first question could the court then proceed to ask whether that right had been clearly established at the time of the alleged violation.

11

circumstances which Plaintiff describes. See Saucer, 533 U.S. at 202. As such, the court further finds that Defendants are entitled to qualified immunity, and that, in the alternative, Plaintiff's Amended Complaint should be dismissed on the basis of qualified immunity.

**CONCLUSION**

For the reasons articulated above, the court finds that Plaintiff has failed to state a cause of action; that, alternatively, Defendants are entitled to qualified immunity; and that, therefore, Defendant's Motion to Dismiss should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**; Doc. 16

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of January, 2010.